UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**EDWARD PUCKETT ROGERS**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:25-cv-00513-CRS**

**LUTHER LUCKETT et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Edward Puckett Rogers, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, this action will be dismissed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a convicted inmate, was incarcerated at the Luther Luckett Correctional Complex (LLCC) at the time relevant to the complaint. He sues LLCC, as well as Warden Jess Ferguson, Dr. Barbier, and Dr. Johnson in their individual capacities. In his complaint, Plaintiff alleges:

> The attack on my life at Luther Luckett happen around about Oct 20, 2017 to Nov 1, 2017. I was in the bathroom taking a pee and he snuck up on me with a homemade knife . . . . I am not the only sex offender who he has attacked my cell mate was scared of this man and the C/O told me that he was watching out for the man to attack me his name is Cordero Byod they never even press charges or got the police involved.

Plaintiff further alleges that "the prison failed to protect me as a property of the state," and that "[m]y constitutional right to be protected by the state was flawed a gang member cut my throat I got 53 stitches" and "cracked my skull." He also states that his "constitutional right to freedom of speech was violated because I never went to court or talk to police one time."

Plaintiff states that "as a result of the attack I have had phyic therapy once a week and I have been on phyic meds heavy and it has cause me to lose a lot of friends and family because I

have become very violent and anger." He further states that he has attempted suicide, is unable to sleep, and is "wait[ing] for surgery to fix my heart because of the anxiety attacks."

As relief, Plaintiff seeks monetary damages.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

### III.  GENERAL LEGAL PRINCIPLES

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985), *partially superseded by statute as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-380 (2004). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990). However, federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).

The Sixth Circuit has recently discussed the varying approaches used to determine when a claim accrues for purposes of statute of limitations analysis. "The Supreme Court has explained that the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'" *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc*., 522 U.S. 192,

3

201 (1997) (internal quotation marks omitted). "Put differently, this 'injury-occurrence' or 'occurrence' rule triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim." *Id.* (citing *Wallace*, 549 U.S. at 388). The Sixth Circuit continued, "The Supreme Court has recited this rule in three § 1983 cases." *Id.* (citing *Reed v. Goertz*, 598 U.S. 230, 235-36 (2023); *McDonough v. Smith*, 588 U.S. 109, 114-15 (2019); *Wallace*, 549 U.S. at 388). "But our § 1983 cases have taken a different approach. We have suggested that the statute adopts a 'discovery rule,' not an 'occurrence rule.'" *Id.* (citing *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021)). In *Reguli*, the Sixth Circuit acknowledged that some of its decisions have sent "mixed messages" regarding the discovery rule in § 1983 actions. However, it concluded its analysis by stating that "[u]nder either approach to the discovery rule, our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim." *Id.* at 883.

## IV. ANALYSIS

As an initial matter, Plaintiff's claim is untimely. In his complaint, Plaintiff alleges that he was attacked by another inmate on or about November 1, 2017.[1] It is clear from the complaint that Plaintiff knew or reasonably should have known about his injury on that date. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 602 (6th Cir. 2025) (observing that many Sixth Circuit cases "suggest that the limitations period starts when a 'plaintiff knows or has reason to know of the injury which is the basis of his action.'") (quoting *Reguli*, 109 F.4th at 882) (internal quotation omitted). Thus, Plaintiff's claim accrued nearly eight years before he initiated this

---

[1] The Court makes no finding as to whether the doctrine of collateral estoppel applies in this case, but notes that Plaintiff has previously filed suit against LLCC and Ferguson asserting a substantially similar failure-to-protect claim based on the same facts. *See Rogers v. Luther Luckett Corr. Complex*, No. 3:18-CV-P691-CRS, 2019 WL 1518168 (W.D. Ky. Apr. 8, 2019). That action was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking damages from Defendants immune from such relief.

litigation on August 5, 2025, outside of the applicable one-year of statute of limitations that ended on November 1, 2018, at the latest. Plaintiff's claim must therefore be dismissed for failure to state a claim upon which relief may be granted because it is time-barred. *See Jones v. Bock*, 549 U.S. at 215 ("[I]f the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

Even if Plaintiff's claim were timely, it would nonetheless be subject to dismissal for the reasons stated below.

The Court construes Plaintiff's allegations as asserting an Eighth Amendment failure-to-protect claim against Defendants. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (explaining that the Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners.") (citation omitted). Plaintiff's complaint, however, identifies no acts or omissions by any Defendant that resulted in his alleged injury. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). Plaintiff's blanket allegation that "the prison" failed to protect him does not specify which Defendant, if any, was responsible for his injuries.[2] Because Plaintiff does not identify the individuals responsible for the alleged constitutional violation, the claim must also be dismissed for failure to state a claim upon which

---

[2] Although Plaintiff names two medical providers as Defendants, he makes no allegations regarding medical treatment at LLCC, nor does he state how these Defendants were involved in the incident described in the complaint.

relief may be granted. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for failure to state a claim where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-CV-1583, 2020 WL 1140071, at *3 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

Insofar as Plaintiff implicates Defendant Ferguson, individually, for failing to protect him from an assault by another inmate based on her role as Warden of LLCC, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899

(6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Plaintiff states no allegations to support Ferguson's personal involvement in the alleged constitutional violation.  Therefore, the claim against her must also be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff cannot maintain his claim against LLCC.  LLCC is part of the Kentucky Department of Corrections (DOC), which is in turn a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.  *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250.  A state and its agencies are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency . . . .  A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983.").  Accordingly, Plaintiff fails to state a § 1983 claim against LLCC.  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against LLCC.  A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  The Eleventh Amendment, therefore, bars this § 1983 action against LLCC as well.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: October 9, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4411.015

8